# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDIA HOLLIMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-0545-F |
| | ) |
| THOMAS S. WALDRON, SR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant's motion to dismiss is before the court (doc. no. 9). The motion is fully briefed and ready for determination.

Defendant moves for dismissal of the first and third claims alleged in this action, under Rule 12(b)(6), Fed. R. Civ. P.[1] Each of the challenged claims seeks to recover amounts allegedly due under a different promissory note. Defendant argues these claims are barred on their face under 12 O.S. 2008 Supp. § 95(A), which sets out a five-year limitations period for actions "upon any contract, agreement, or promise in writing." Plaintiff responds by arguing that defendant relies on the wrong limitations period, because the six-year period set out in Oklahoma's Commercial Code, 12A O.S. 2001 § 3-118, applies, rather than the five-year period relied upon by defendant. Defendant has not replied to this argument.

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v.

---

[1] The complaint refers to these claims as the first and third causes of action.

Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969,1974 (2007).  In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  *Id*.  Ridge at Red Hawk, 493 F.3d at 1177.

The note on which the first claim is based (attached to the complaint as exhibit one) is payable "to the order of Claudia Holliman."  It provides that "the unpaid principal sum, together with accrued unpaid interest are due and payable within 10 days of demand, or if no demand is made, on or before April 1, 2003."  The Oklahoma Commercial Code defines what negotiable instruments are "notes" subject to the limitations period set out in 12A O.S. 2001 § 3-118(a).[2]  Section 3-118 provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note."  As an unconditional promise to pay a definite sum to Holliman on demand or at a definite time, the note that is the subject of the first claim is subject to the six-year limitations period of §3-118.  The due date of the note is April 1, 2003, and this action was commenced on May 21, 2008.  Thus, the first claim comes within the six-year limitations period.

The note on which the third claim is based (attached to the complaint as exhibit three) is payable "to the order of Claudia Holliman," and provides that the principal sum, with interest, is "payable on demand."  This is also a "note" to which the limitations period of 12A O.S. § 3-118(b) applies, because it is a promise to pay that is payable upon demand by Holliman.  *See*, 12A O.S. §§ 3-104, 3-109, 3-118(b).  Section § 3-118(b) provides that "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note

---

[2]*See*, 12A O.S. 2001 §§ 3-104, 3-109 (definitions of various forms of negotiable instruments including notes).

must be commenced within six (6) years after the demand." The complaint alleges that demand was made on defendant for payment of all sums due under the note on May 6, 2008. This action was commenced on May 21, 2008, well within the six-year limitations period.

The five-year limitations period relied on by the defendant, 12 O.S. § 95(1), does not apply to the challenged claims. *See generally*, <u>State ex rel., Board of Regents for University of Oklahoma v. Livingston</u>, 111 P.3d 734, 738 (Okla. Civ. App., 2005) (trial court erred in applying five-year limitation period pursuant to 12 O.S. Supp. 1994 §95(a), rather than six-year limitation period under § 3-118, in action on a promissory note payable at a time or times readily ascertainable).

The court finds and concludes that the challenged claims are timely. Defendant's motion to dismiss is **DENIED**. Defendant is **DIRECTED** to answer the complaint within twenty days of the date of this order.

Dated this 18th day of August, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0545p002(pub).wpd